IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PREMELLA CROCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-2780-BT |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Plaintiff Premella Crockett brings this action for judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is AFFIRMED.

# **BACKGROUND**

Plaintiff alleges that she is disabled due to arthritis and high blood pressure. Tr. 213 [ECF No. 16-7]. After her application was denied initially

1

and upon reconsideration, a hearing was held on August 12, 2014, in Dallas, Texas, before an Administrative Law Judge (the "ALJ"). Tr. 32 [ECF No. 16-3]. Plaintiff was born on March 16, 1956 and was 58 years old at the time of the hearing. Tr. 36-37 [ECF No. 16-3]. Plaintiff has a high school education. Tr. 37 [ECF No. 16-3]. Plaintiff testified at her hearing that she takes care of her own personal care such as dressing, bathing, and grooming without assistance from others. Tr. 49 [ECF No. 16-3]. Plaintiff also testified that she does the dishes and small loads of laundry. Tr. 49 & 54 [ECF No. 16-3].

Plaintiff has past work experience as a customer service representative. Tr. 56 [ECF No. 16-3]. Plaintiff testified that in 2014, she applied for customer service jobs at Borden's, Comcast, and Kroger's. Tr. 50 [ECF No. 16-3]. Plaintiff also received unemployment benefits from the state of Texas from January 1, 2012 through March 31, 2013. Tr. 38-39 [ECF No. 16-3]. Plaintiff was advised at her hearing that in order to receive unemployment benefits, she must be able to work, but that in order to obtain disability benefits, she must be unable to work. Tr. 38 [ECF No. 16-3]. After this discussion, Plaintiff amended her alleged onset date from April 1, 2011 to April 1, 2013. Tr. 18 & 39 [ECF No. 16-3]; Tr. 62 [ECF No. 16-4].

On March 27, 2015, the ALJ issued his decision finding that Plaintiff has not been under a disability within the meaning of the Social Security Act from April 1, 2013 through the date of his decision. Tr. 23 [ECF No. 16-3]. The ALJ determined that there were no clinical signs or laboratory findings to substantiate the existence of a severe impairment. Tr. 21 [ECF No. 16-3]. Plaintiff appealed the ALJ's decision to the Appeals Council and on August 10, 2016, the Appeals Council affirmed the ALJ's decision. Tr. 1 [ECF No. 16-3]. Plaintiff filed this action in federal district court on September 30, 2016. Compl. [ECF No. 1].

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled, regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the

claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

# ANALYSIS

Plaintiff contends that the ALJ erroneously failed to find that Plaintiff had a medically determinable and severe impairment, despite the fact that x-rays demonstrated degenerative joint disease, clinical evidence upon examination showed tenderness, and Plaintiff was treated with naproxen, an anti-arthritis medication. Pl.'s Br. 8-9 [ECF No. 20]. Plaintiff argues that, although she incorrectly testified at her hearing that she was diagnosed with rheumatoid arthritis, her confusion about the precise diagnosis did not relieve the ALJ of his obligation to evaluate the effects of all of her medically determinative impairments. Pl.'s Br. 9 [ECF No. 20]. Plaintiff argues that there is clear evidence that she has degenerative joint disease, also known as degenerative arthritis or osteoarthritis. Pl.'s Br. 9 [ECF No. 20]. Plaintiff further argues that, although the record only contains four medical record exhibits, including some pertaining to the time period prior to the amended onset date of April 1, 2013, this was due in part to her treating physician not submitting medical records and also in part due to Plaintiff not having sufficient funds for treatment. Pl.'s Br. 11 [ECF No. 20].

Plaintiff argues that the ALJ also erred by failing to assist Plaintiff in obtaining a consultative examination to evaluate her work-related limitations, given that she does not have medical insurance. Pl.'s Br. 11 [ECF No. 20]. Plaintiff states that the agency's medical consultants limited Plaintiff to the performance of light work but found that there was insufficient evidence to determine the severity of her alleged arthritis. Pl.'s Br. 12 [ECF No. 20]. Plaintiff argues that the ALJ has an absolute obligation to develop a full and fair record and that it is reversible error for him not to order a consultative examination when it is necessary for him to make an informed decision. Pl.'s Br. 12-13 [ECF No. 20]. Plaintiff also points out that her counsel asked the ALJ to schedule a consultative examination to evaluate her rheumatoid arthritis and that the ALJ stated in his decision that he did not grant the request because he did not see sufficient evidence of rheumatoid arthritis, but this was based on Plaintiff's misunderstanding of her diagnosis. *See* Pl.'s Br. 14 [ECF No. 20]; Tr. 18 [ECF No. 16-3] & 255 [ECF No. 16-7]. Plaintiff argues that her testimony, x-rays, prescribed medications, and subjective complaints all establish that she has arthritis, and that the nature of the error here can only be addressed by remanding the case for further proceedings. Pl.'s Br. 14 [ECF No. 20].

In response, the Commissioner argues that the ALJ's decision shows that he thoroughly considered the medical evidence and appropriately assessed Plaintiff's impairments. Def.'s Br. 4 [ECF No. 21]. The Commissioner argues that, while Plaintiff contends that the objective medical evidence shows that her arthritis was a medically determinable impairment, the objective evidence that Plaintiff alleges that the ALJ ignored was specifically detailed by the ALJ in his decision. Def.'s Br. 4 [ECF No. 21]; Tr. 21-23 [ECF No. 16-3]. For example, the Commissioner argues that, while Plaintiff contends that an x-ray of her hip, one notation of tenderness during a physical examination, and a prescription for naproxen all proved that her arthritis was a medically determinable impairment, the ALJ specifically noted that Plaintiff's "single complaint of unspecified chronic pain in January 2014," and an x-ray of Plaintiff's hip finding degenerative joint disease did not suffice to meet the 12 month durational requirement for severity. Def.'s Br. 4 [ECF No. 21]; Tr. 22-23 [ECF No. 16-3]. The Commissioner points out that Plaintiff does not dispute the ALJ's finding that her complaint does not meet the 12 month durational requirement. Def.'s Br. 4-5 [ECF No. 21].

The Commissioner further argues that, while Plaintiff contends that there is no dispute that the medical evidence shows the existence of degenerative joint disease, with the exception of Plaintiff's January 2014 complaint of pain, the other medical evidence only shows minor pain complaints and no physical examination findings. Def.'s Br. 5 [ECF No. 21]. The Commissioner also argues that, while Plaintiff attempts to explain the lack of objective evidence by her inability to afford treatment, Plaintiff testified that she received free or low cost treatment at the Dallas County hospital, Parkland Hospital, but complained that it took a long time to get an appointment. Def.'s Br. 6 [ECF No. 21]; Tr. 46-47 [ECF No. 16-3]. The Commissioner argues that, considering that most of Plaintiff's medical records were from Parkland Hospital, she was clearly able to be seen there, and regardless of the issue of ability to afford treatment, there is no evidence showing that Plaintiff is disabled with or without treatment. Def.'s Br. 6 [ECF No. 21]. The Commissioner also argues that the ALJ did not err by denying Plaintiff's request for a consultative examination, because there is no indication that the medical evidence was inadequate or that he lacked sufficient facts to make a determination. Def.'s Br. 7-8 [ECF No. 21]. The Commissioner argues that the dearth of evidence supporting Plaintiff's

scattered complaints of pain was not due to lack of treatment, but rather, Plaintiff did not have any pain complaints at most of her medical appointments. Def.'s Br. 8 [ECF No. 21].

In her reply, Plaintiff argues that she never stated that the ALJ ignored the evidence related to her degenerative arthritis, but rather that, despite acknowledging the evidence supporting the existence of degenerative arthritis, the treatment Plaintiff was able to receive through the free clinic, and Plaintiff's descriptions of her limitations, the ALJ erred by failing to find that this impairment was "medically determinable" or "severe." Reply 1-2 [ECF No. 22]. Plaintiff also argues that the deficiency in this case was not that Plaintiff was completely unable to obtain treatment, but rather that there was an absence of medical opinion supporting the ALJ's conclusion that the evidence was insufficient to support more than minimal work related limitations. Reply 4 [ECF No. 22]. Plaintiff further argues that the ALJ's decision to deny the request for a consultative examination does not explain why the ALJ did not schedule a medical expert to testify at the hearing, return the case record to the state agency for review of the updated record by a medical consultant, or ask for additional information from Plaintiff's treating sources. Reply 5 [ECF No. 22].

It is Plaintiff's burden to demonstrate that she has a medically determinable severe impairment. *See Leggett*, 67 F.3d at 564. As the Commissioner argues, the evidence shows that Plaintiff was able to obtain treatment from Parkland Hospital, but that Plaintiff had to wait to get an appointment. Therefore, the lack of treatment records supports the ALJ's conclusion that Plaintiff did not experience the severity of symptoms as alleged, otherwise, she would have sought additional treatment, whether or not the additional treatment required a wait. Furthermore, while Plaintiff argues that the lack of medical records was also due, in part, to her physician's failure to submit the records, Plaintiff's counsel sought additional time after the hearing to obtain additional medical records, and Plaintiff does not explain why her counsel could not have similarly obtained the missing records. *See* Tr. 256 [ECF No. 16-7]; *Banks v. Colvin*, 2014 WL 4660847, at *6 n.4 (M.D. La. Sept. 17, 2014) ("While the ALJ has a duty to fully and fairly develop the record, the 'claimant has the burden of proof in establishing his disability. If the claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence.' . . . It was Plaintiff's burden to prove he was disabled. At the request of Plaintiff's attorney, the ALJ agreed to hold the record open for two

additional weeks after the hearing for Plaintiff to submit these records, yet Plaintiff failed to provide these records. Considering this, the ALJ was under no obligation to obtain more medical records from [plaintiff's doctor].") (quoting *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989); citing *Ripley v. Chafer*, 67 F.3d 552, 557 (5th Cir. 1995))).

  Plaintiff testified at her hearing that in 2014, she applied to customer service jobs at Borden's, Kroger's, and Comcast, and also that she would have accepted any job offers. Tr. 38 & 50 [ECF No. 16-3]. Plaintiff also testified that she received unemployment benefits from January 1, 2012 through March 31, 2013, and amended her initial onset date from April 1, 2011 to April 1, 2013, only after being advised at the hearing that, in order to obtain unemployment benefits, Plaintiff must be able to work, and that in order to obtain disability benefits she must be unable to work. Tr. 38-39 [ECF No. 16-3]. This testimony tends to support the ALJ's conclusion that Plaintiff was not in fact disabled and was able to work. In addition, as the Commissioner argues, the ALJ was not required to order a consultative examination if he did not find that the medical evidence was inadequate or that he lacked sufficient facts to make a determination. Furthermore, the Court notes that it was Plaintiff's counsel who specifically requested a

consultative examination for the purpose of evaluating Plaintiff's rheumatoid arthritis in a letter dated August 20, 2014. Tr. 255 [ECF No. 16-7]. With respect to Plaintiff's contention that the state agency consultants did not find that the record contained sufficient evidence to determine the severity of her alleged arthritis, as the Commissioner argues, the ALJ discussed the evidence that Plaintiff contends supports her allegation of degenerative arthritis, but determined that this evidence did not support a finding of severe impairment. Moreover, the state agency consultants specifically stated that Plaintiff's "allegations are not fully supported by [the evidence of record] on file." Tr. 65 &89 [ECF No. 16-4].

As previously discussed, the Court's task here is to scrutinize the record as a whole to determine whether substantial evidence is present, and the "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9; *Greenspan*, 38 F.3d at 236. Furthermore, "[p]rocedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision,'" and "[r]emand is required only when there is a

realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris*, 864 F.2d at 335; citing *January*, 400 F. App'x at 933). The Court concludes that any alleged procedural errors do not cast into doubt the existence of substantial evidence to support the ALJ's decision. There is not a realistic possibility that the ALJ would have reached a different conclusion, and substantial evidence supports the ALJ's decision.

## **CONCLUSION**

For the foregoing reasons, the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

March 12, 2018.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE